TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00354-CV






Billy Dale Carter, Appellant


v.


Travis County Commissioner's Court; Greg Hamilton, Sheriff; Mike Summers

and John Ribsam, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. D-1-GN-07-000277, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Billy Dale Carter, appearing pro se, appeals the district court's take-nothing
summary judgment in favor of appellees Sheriff Greg Hamilton, Mike Summers, and John Ribsam. 
The summary judgment was based on appellees' affirmative defense of limitations. Carter argues
that the district court abused its discretion in granting summary judgment. We affirm the district
court's judgment.


Background

 Carter seeks compensation from appellees, alleging that he sustained injuries while
being transported in a Travis County Sheriff's transport bus on February 10, 2005. (1)

 In an attempt to compel a settlement from the Travis County Commissioner's Court,
Carter filed his "Petition for Application for Writ for Mandamus" in the district court on January 29,
2007, requesting a writ "directing the Travis County Comm's. Court to make a reasonable settlement
on relators claim, (2) order the Travis County Comm's. Court to pay court costs for the proceeding,
and (3) relator recover reasonable legal fees for the preparation of this writ for mandamus." On
April 23, 2007, Carter filed his "Plaintiffs Amended Original Petition" naming Hamilton, Summers,
and Ribsam as defendants. On the same day, he also filed his "Plaintiffs Request Leave of Court to
Obtain Permission to File This Litigation."

 Hamilton and Summers filed their traditional motions for summary judgment
on January 31, 2008, and Ribsam filed a similar motion on March 6, 2008. Appellees raised
the affirmative defense of limitations, asserting that Carter's personal injury claim is barred. The
district court granted summary judgment in favor of Hamilton and Summers on March 4, 2008, and
in favor of Ribsam on April 4, 2008.


Discussion

 We review the district court's summary judgment de novo. Valence Operating Co.
v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues
of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). 
When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and
we indulge every reasonable inference and resolve any doubts in the non-movant's favor. Valence
Operating Co., 164 S.W.3d at 661; Knott, 128 S.W.3d at 215.

 Section 16.003(a) of the Texas Civil Practice and Remedies Code requires a plaintiff
to bring a personal injury claim "not later than two years after the day the cause of action accrues." 
Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2008). The record supports the
district court's summary judgment on Carter's claims based on limitations. According to Carter's
Amended Original Petition, in which he named appellees as defendants for the first time, the alleged
injury occurred on February 10, 2005. Carter filed his claims against Hamilton, Summers, and
Ribsam on April 23, 2007, more than two years following the incident. Carter's claim is, therefore,
barred by limitations, and the district court properly granted summary judgment.

 Having found that Carter's claim was barred by limitations, we affirm the judgment
of the district court.



 __________________________________________

 G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: January 22, 2009
1. At the time of the incident, Carter was an inmate under the custody of the Travis County
Sheriff's Office. At the time of this appeal, Carter is incarcerated in the Hightower Unit in
Dayton, Texas.